IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   03-815 |
| | ) | |
| VARIOUS ACCOUNTS IN THE NAMES | ) | |
| OF JON R. ROGERS, PETER T. MOWAD, | ) | |
| JOHN A. THORNE AND DRAYCOTT | ) | |
| MANAGEMENT SERVES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   03-1157 |
| | ) | |
| $1,660,800.00 IN UNITED STATES | ) | |
| CURRENCY, $122,400.00 IN ONE | ) | |
| OUNCE GOLD COINS, and ONE 100 | ) | |
| OUNCE SILVER BLOCK, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   04-353 |
| | ) | |
| VARIOUS ACCOUNTS IN THE NAMES | ) | |
| OF CARIB INTERNATIONAL LTD., | ) | |
| FULTON DATA PROCESSING LTD., | ) | |
| DATA-TECH 2000 LTD., WORLD | ) | |
| LUBRICANTS, LTD., WILLIAM J. CEASAR | ) | |
| ENTERPRISES LTD., JON R. ROGERS, | ) | |
| JOHN A. THORNE AND PETER T. MOWAD, | ) | |
| | ) | |
| Defendants. | ) | |

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-838 |
| | ) |
| VARIOUS ACCOUNTS IN THE | ) |
| NAME OF JON R. ROGERS, | ) |
| | ) |
| Defendants. | ) |

## STIPULATION AND SETTLEMENT AGREEMENT

AND NOW come the United States of America and Carib International Ltd. ("CARIB"), (collectively the "Parties") and with the intent to be legally bound hereby, stipulate and agree as follows:

## W I T N E S S T H

WHEREAS, the United States instituted the above-captioned civil forfeiture actions by filing verified complaints for forfeiture seeking forfeiture of the properties described therein.

WHEREAS, the forfeiture actions at 08-315, 03-1157, 04-353 and 04-838 are related and are hereinafter collectively referred to as the "Forfeiture Actions";

WHEREAS, all of the defendant assets and properties that are the subjects of the Forfeiture Actions at 08-315, 03-1157, 04-353 and 04-838 are hereinafter collectively referred to as the "Defendant Properties";

WHEREAS, the Defendant Properties include the following properties currently in the possession of the Internal Revenue Service as defendant assets (hereinafter collectively the "Carib Assets"): (1) $945,430.41 formerly contained in an account at Provident Bank and Trust in the

2

name of Carib International Ltd.; and (2) $829,936.02 formerly contained in an account at Atlantic International Bank in the name of Carib International Ltd.

WHEREAS, 100% of the shares of CARIB stock are held in the Carib Employee Benefit Trust, with Curatus Trust Company (Mauritius) Limited as the Trustee.

WHEREAS, CARIB represents that it is the sole owner of the Carib Assets and that no other person or entity has a legitimate claim to the Carib Assets.

WHEREAS, the United States previously moved for, and the Court granted, a final order of forfeiture on various assets, including the Carib Assets (Docket #33 at Case No. 03-815);

WHEREAS, CARIB moved to reopen the case and have the final order of forfeiture vacated (Docket #30 at Case No. 04-353);

WHEREAS, the United States opposed the motion to reopen;

WHEREAS, CARIB disputes the allegations contained in the Forfeiture Actions and believes it has viable defenses to the allegations;

WHEREAS, the United States disputes CARIB's claim of viable defenses and believes it can sustain its burden of proof in the Forfeiture Actions;

WHEREAS, the parties recognize that continued litigation will cause the parties to expend substantial time and financial resources;

WHEREAS, such expenditures would not represent the efficient use of the parties' time and resources nor the efficient use of the Court's time and resources;

WHEREAS, the parties desire to settle these cases by entering into this Stipulation and Settlement Agreement.

**NOW, THEREFORE**, for and in consideration of the foregoing premises and the mutual promises and agreements herein contained, and for other and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the parties hereto agree as follows:

1. The preamble to this Stipulation and Settlement Agreement is incorporated herein as if set forth at length and is made part of this agreement.

2. CARIB agrees to forfeit to the United States $1,000,000.00 from the Carib Assets. CARIB agrees to forfeit these funds free and clear of all right, title and interest of any person or entity, including CARIB.

3. The United States agrees to return $775,366.43 of the Carib Assets to CARIB. The United States agrees to return the funds free and clear of all right, title and interest of the United States. The United States will return the $775,366.43 to CARIB's attorney, John D. Eddy, Esquire, by way of wire transfer to his IOLTA account. After the United States District Court approves this Stipulation and Settlement Agreement, the United States will take, as soon as possible, all necessary steps to initiate the payment process. If payment has not been received within twelve (12) weeks, CARIB may request a status conference with the Court.

4. The Parties agree that the final order of forfeiture entered at Docket #33 at case 03-815 will not be vacated but will be amended solely to reflect the return of $775,366.43 to CARIB.

5. Other than the payment of $775,366.43 to CARIB, CARIB releases without limitation all of its rights, titles and interests in, and consents to the forfeiture of, all of the Defendant Properties in the Forfeiture Actions, including, without limitation, the remaining balance of the Carib Assets after payment to CARIB.

4

6. CARIB waives service of the complaints and warrants of arrest in the Forfeiture Actions, including, without limitation, the Carib Assets.

7. The parties agree that the terms of this Stipulation and Settlement Agreement represent a fair and equitable settlement of disputed claims including without limitation the seizure of the Carib Assets.

8. By reason of and in reliance upon this Stipulation and Settlement Agreement, CARIB, and/or each of its assigns, shareholders, trustees, employees, directors, attorneys, agents and/or representatives, hereby unconditionally release and forever discharge the United States, its agents, servants, employees, officers, attorneys, insurers, successors, representatives and assigns (including without limitation any victims, persons or entities which receive the forfeited property or any portion thereof), and each of them, from and against any and all manner of claims, actions, causes of action, rights, set-offs, promises, allegations, expenses, assessments, penalties, charges, injuries, losses, costs, obligations, duties, suits, proceedings, debts, dues, contracts, judgments, damages, claims, counterclaims, liabilities and/or demands of every kind, character and manner whatsoever in law or equity, administrative or judicial, contract, tort (including negligence of all kinds) or otherwise, whether known or unknown, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, discovered or undiscovered, choate or inchoate, accrued or unaccrued, anticipated or unanticipated, contingent or fixed, for, upon, or by reason of any and all matters whatsoever, related to and/or in connection with or arising out of these Forfeiture Actions, including the arrests, seizures, releases, sales and/or forfeitures of the Defendant Properties, including the Carib Assets, any and all issues related to the Forfeiture Actions and the incidents or circumstances giving rise to the Forfeiture Actions.

9. The terms set forth herein are intended as a final expression of the Stipulation and

Settlement Agreement agreed to and may not be contradicted by evidence of any prior agreement or by any contemporaneous oral agreement. This Stipulation and Settlement Agreement may not be explained or supplemented by evidence of additional terms, nor may this Stipulation and Settlement Agreement be modified, except by written instrument executed by the parties hereto.

10. The parties agree that the laws of the United States will govern this Stipulation and Settlement Agreement and any dispute that may arise therefrom, and that any litigation whatsoever regarding this Stipulation and Settlement Agreement must be brought in the United States District Court for the Western District of Pennsylvania.

11. The parties hereto agree that this Stipulation and Settlement Agreement may be executed by counterpart. The United States District Court will enter a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as part of the order approving this Stipulation and Settlement Agreement. This Stipulation and Settlement Agreement is subject to the approval of the United States District Court.

With the intent to be legally bound hereby, the undersigned execute this Stipulation and Settlement Agreement this 13TH day of AUGUST, 2014:

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

By: _____
    Lee J. Karl
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    700 Grant St., Suite 4000
    Pittsburgh, PA 15219
    (412) 644-3500
    PA ID #87856

CARIB INTERNATIONAL, LTD.

_____
Lana Kelsick-McMaster
Director, Carib International Ltd.

_____
John D. Eddy, Esquire
Counsel for Carib International Ltd.
Manor Building Penthouse
564 Forbes Ave.
Pittsburgh, PA 15219
PA ID. #32150

7

With the intent to be legally bound hereby, the undersigned execute this Stipulation and Settlement Agreement this __13th__ day of __August__, 2014:

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

CARIB INTERNATIONAL, LTD.

By: _____
Lee J. Karl
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant St., Suite 4000
Pittsburgh, PA   15219
(412) 644-3500
PA ID #87856

_____
Lana Kelsick-McMaster
Director, Carib International Ltd.

_____
John D. Eddy, Esquire
Counsel for Carib International Ltd.
Manor Building Penthouse
564 Forbes Ave.
Pittsburgh, PA 15219
PA ID. #32150

With the intent to be legally bound hereby, the undersigned execute this Stipulation and Settlement Agreement this 13th day of August, 2014:

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

CARIB INTERNATIONAL, LTD.

By: *[signature]*

Lee J. Karl
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant St., Suite 4000
Pittsburgh, PA  15219
(412) 644-3500
PA ID #87856

Lana Kelsick-McMaster
Director, Carib International Ltd.


John D. Eddy, Esquire
Counsel for Carib International Ltd.
Manor Building Penthouse
564 Forbes Ave.
Pittsburgh, PA 15219
PA ID. #32150

7